IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorney for Plaintiff RICHARD HENDERSON-THOMAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HENDERSON-THOMAS,<br>Plaintiff,<br>vs.<br>GREAT MOSES THE STRONG INC.; ROY EGARI,<br>Defendants. | **Case No.** 26-cv-2006<br>***Civil Rights***<br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

RICHARD HENDERSON-THOMAS ("Plaintiff") complains against GREAT MOSES THE STRONG INC.; ROY EGARI, (collectively, "Defendants"), as follows:

## INTRODUCTION

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex located at 12126 Beach Blvd Stanton, CA 90680, known as "MA Liquor" or "Hero's Liquor and Market" (hereinafter, "Liquor Store").

2. In March 2026, Defendants denied Plaintiff, a person with a disability who uses a wheelchair for mobility, full and equal access to the Liquor Store because numerous architectural barriers denied him full and equal access, including barriers affecting the accessible parking, exterior path of travel, entrance, interior path of travel, and service counter.

3. Defendants' failure to provide accessible features and amenities that are provided to non-disabled patrons contravenes the "full and equal" access mandate of Title III of the Americans with Disabilities Act of 1990.

4. Plaintiff seeks injunctive relief to ensure full and equal access. Plaintiff is also seeking a reimbursement of reasonable statutory attorney's fees, litigation expenses, and costs, as provided for by federal statute.

## JURISDICTION AND VENUE

5. Plaintiff brings this action as a private attorney general pursuant to 42 U.S.C. § 12188 having been personally subjected to discrimination on the basis of his disability. These provisions expressly authorize private individuals to seek injunctive relief to enforce the public rights guaranteed under Title III of the Americans with Disabilities Act.

6. This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

## PARTIES

8. In 2016, Plaintiff was seriously injured in a motorcycle accident that left him with permanent mobility impairments. He lost sensation in his left leg, experiences drop foot and later sustained a fractured left femur that further limited his mobility. As a result, Plaintiff is substantially limited in one or more major life activities, including walking, and uses a wheelchair for mobility. Because Plaintiff relies on a wheelchair, he depends on accessible parking, routes of travel, entrances, and adequate maneuvering space to safely and independently access places of public accommodation. Plaintiff has been issued a permanent disabled parking placard by the State of California. He resides in Anaheim, California, approximately 3.5 miles from the Liquor Store.

9. Defendants are and at all relevant times were the owners, operators, lessors, and/or lessees of the subject business, property, and buildings relevant to this Complaint.

10. Plaintiff is informed and believes that each Defendant authorized, participated in, controlled, or was otherwise legally responsible for the acts and omissions alleged herein.

## FACTUAL ALLEGATIONS

11. In March 2026, Plaintiff visited the Liquor Store to purchase snacks. Upon arriving, Plaintiff observed that the designated accessible parking space and adjacent access aisle located directly in front of the Liquor Store had faded pavement markings and lacked the required signage. As a result, Plaintiff parked in a designated accessible parking space located farther from the Liquor Store's entrance because the accessible parking space and access aisle were more clearly marked.

12. Plaintiff experienced difficulty traveling from the accessible parking space to the Liquor Store's entrance because the exterior route contained uneven

surfaces that impeded his ability to safely navigate his wheelchair.

13. Plaintiff also experienced difficulty entering the Liquor Store because the front entrance threshold was broken and excessively high, making it difficult to navigate over in his wheelchair.

14. Once inside the Liquor Store, Plaintiff encountered additional accessibility barriers, including aisles that were too narrow for wheelchair access, and certain aisles that were so narrow that they were inaccessible to him altogether. Plaintiff also encountered a transaction counter that was too high, making it difficult for him to complete his purchase before exiting the store.

15. Plaintiff would like to return to the Liquor Store in the future because of its location, approximately 3.5 miles from his home, and the goods offered for sale there. However, Plaintiff is currently deterred from returning due to the accessibility barriers encountered during his visit. Plaintiff will return to the store once the accessibility barriers are removed and the facility is made fully accessible to him.

16. As part of the pre-suit investigation, Plaintiff's counsel consulted with a Certified Access Specialist ("CASp") regarding the applicable accessibility standards and conditions present at the subject property. The CASp confirmed the existence of the following architectural barriers that limit Plaintiff's ability to safely access and use the Liquor Store:

1) No Path of travel from public sidewalk. 2010 ADA Standards § 206.2.1 and § 402.
2) The front door does not provide the required smooth lower 10-inch section. 2010 ADA Standards § 404.2.10.
3) Casher counter too high. 2010 ADA Standards § 904.4.
4) No compliant clear floor space is provided in front of the lottery ticket-checking machine. 2010 ADA Standards §§ 305, 308, and 309.

5) The accessible path of travel from parking contains an abrupt vertical elevation that creates a tripping hazard. 2010 ADA Standards § 303.
6) The front door threshold is damaged and exceeds 1/2 inch in height, creating a tripping hazard. 2010 ADA Standards §§ 404.2.5 and 303.
7) Interior aisles do not provide required clear width. 2010 ADA Standards § 403.5.1.
8) The floor mat at the front door is not firm and has broken or uneven edges that create a tripping hazard. 2010 ADA Standards §§302 and 303.
9) An opening within the door landing allows passage of a sphere greater than 1/2 inch in diameter. 2010 ADA Standards § 302.3.
10) The International Symbol of Accessibility pavement marking within the accessible parking stall is faded and difficult to identify. 2010 ADA Standards § 502.6
11) The accessible parking access aisle striping is faded and difficult to identify. 2010 ADA Standards § 502.3.3.
12) The accessible parking space does not provide a compliant accessible parking identification sign. 2010 ADA Standards § 502.6.
13) The curb ramp serving the accessible parking area has flared sides with slopes greater than 10%, creating a steep and hazardous walking surface. 2010 ADA Standards § 403.

17. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

18. On information and belief, the barriers described above are capable of being removed through routine repairs, maintenance, restriping, signage

installation, and other modest modifications that are readily achievable within the meaning of the ADA.

19. As a result of Defendants' actions and omissions, Plaintiff has suffered a violation of civil rights, and denial of full and equal access to the subject public accommodation. Plaintiff has retained counsel and now seeks statutory attorney's fees, litigation expenses, and costs under federal law.

20. Plaintiff's goal in this suit is to make the Liquor Store fully accessible to persons with similar mobility disabilities.

**CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

21. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

22. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

23. Here, the Liquor Store is a public accommodation as defined by 42 U.S.C. § 12181(7)(E) and Plaintiff is a person with physical disabilities.

24. Defendants discriminated against Plaintiff by denying him "full and equal enjoyment" and use of the goods, services, facilities, privileges, or accommodations of the Liquor Store.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

25. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is

readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

26. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

27. The alleged barriers are readily achievable to remediate because they primarily involve routine maintenance, restriping, signage installation, minor repairs, reconfiguration of merchandise, or other low-cost modifications that do not require significant structural alterations. These improvements can be completed using readily available materials and standard construction methods. Many of the corrective measures identified above are among the examples of readily achievable barrier removal identified by the Department of Justice. 28 C.F.R. § 36.304(b). Correcting these barriers will improve safe and independent access to the Liquor Store by providing an accessible route, safer walking surfaces, compliant parking, accessible entrances, adequate maneuvering space, and equal access to goods and services for individuals with disabilities. The substantial accessibility benefits of these improvements outweigh the relatively modest costs of implementation.

28. In the alternative, if it was not "readily achievable" for Defendants to remove the barriers, then Defendant violated the ADA by failing to make the required services available through alternative readily achievable methods.

<u>Failure to Make an Altered Facility Accessible</u>

29. On information and belief, the Liquor Store was altered after January 26, 1992, independently triggering access requirements under the ADA.

30. The ADA requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with

disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

31. Here, Defendants altered the Liquor Store in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Plaintiff, to the maximum extent feasible.

32. Plaintiff seeks all relief available under the ADA *i.e.*, injunctive relief, attorneys' fees, costs, and expenses. 42 U.S.C. § 12205.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF:

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction compelling Defendants, in their capacities as the current owners, operators, lessors, and/or lessees of the subject property, premises, and related facilities, to undertake such modifications as are necessary to bring said property, premises, and facilities into compliance with applicable accessibility requirements so as to provide full and equal access to individuals with physical disabilities; and further enjoining Defendants to provide, *maintain*, and operate said facilities in a condition that ensures ongoing usability by Plaintiff and all similarly situated persons with disabilities, as mandated by law.

2. Retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts, omissions, and maintenance of inaccessible public accommodations as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law; and

4. Grant such other and further relief as this Court may deem just and

proper.

Date: July 24, 2026

*/s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI
Attorney for Plaintiff
RICHARD HENDERSON-THOMAS