UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HENDERSON-THOMAS,<br><br>Plaintiff,<br>vs.<br><br>GREAT MOSES THE STRONG INC.; ROY EGARI,<br><br>Defendants. | Case No. 8:26-cv-02006-MRA-MAR<br><br>**JUDGMENT PURSUANT TO FED. R. CIV. P. 68 AGAINST DEFENDANT GREAT MOSES THE STRONG INC.** |

On September 11, 2026, Defendant GREAT MOSES THE STRONG INC. ("Defendant") served on Plaintiff RICHARD HENDERSON-THOMAS ("Plaintiff") an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Offer"). On September 11, 2026, Plaintiff timely served written notice of acceptance of the Offer, and the Offer and Notice of Acceptance have been filed with the Court. (Dkt. 11, 12.)

Accordingly, pursuant to Fed. R. Civ. P. 68(a), **JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff RICHARD HENDERSON-THOMAS and against Defendant GREAT MOSES THE STRONG INC. as follows:

1. Monetary Relief. Within fourteen (14) days of acceptance of the Offer, Defendant shall pay the sum of six thousand dollars ($6,000.00) to Plaintiff, inclusive of all costs and attorney's fees. Neither Plaintiff nor his attorneys shall be entitled to or recover any other sum, no matter how denominated, against any defendant, named or otherwise, in this action.

2. Injunctive Relief. To the extent not already performed, within one hundred eighty (180) days of the date of acceptance of the Offer, Defendant shall, as to the property identified in the Complaint filed in this action on July 24, 2026, having the address of 12126 Beach Blvd, Stanton, CA 90680 (the "Property"), and including thereon or therein the business identified in the Complaint as Hero's Liquor and Market, address, to the extent required and in accordance with the applicable provisions of the 2010 ADA Accessibility Guidelines, the following items as alleged in paragraph 16 of the Complaint:

   a. No path of travel from public sidewalk. 2010 ADA Standards § 206.2.1 and § 402.

   b. The front door does not provide the required smooth lower 10-inch section. 2010 ADA Standards § 404.2.10.

   c. Cashier counter too high. 2010 ADA Standards § 904.4.

d. No compliant clear floor space is provided in front of the lottery ticket-checking machine. 2010 ADA Standards §§ 305, 308, and 309.

e. The accessible path of travel from parking contains an abrupt vertical elevation that creates a tripping hazard. 2010 ADA Standards § 303.

f. The front door threshold is damaged and exceeds 1/2 inch in height, creating a tripping hazard. 2010 ADA Standards §§ 404.2.5 and 303.

g. Interior aisles do not provide required clear width. 2010 ADA Standards § 403.5.1.

h. The floor mat at the front door is not firm and has broken or uneven edges that create a tripping hazard. 2010 ADA Standards §§ 302 and 303.

i. An opening within the door landing allows passage of a sphere greater than 1/2 inch in diameter. 2010 ADA Standards § 302.3.

j. The International Symbol of Accessibility pavement marking within the accessible parking stall is faded and difficult to identify. 2010 ADA Standards § 502.6.

k. The accessible parking access aisle striping is faded and difficult to identify. 2010 ADA Standards § 502.3.3.

l. The accessible parking space does not provide a compliant accessible parking identification sign. 2010 ADA Standards § 502.6.

m. The curb ramp serving the accessible parking area has flared sides with slopes greater than 10%, creating a steep and hazardous walking surface. 2010 ADA Standards § 403.

3. No Admission. Consistent with the terms of the Offer, neither the Offer nor this Judgment shall be construed as an admission of liability on the part of Defendant or that Plaintiff has suffered any damage.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: September 24, 2026

Hon. Mónica Ramírez Almadani
United States District Judge